**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EMMA NATION,<br><br>       Plaintiff-Appellee,<br><br>  v.<br><br>DONALD J. TRUMP, et al.,<br><br>       Defendant-Appellant. | No. 19-16443<br><br>D.C. No. 4:18-cv-03984-HSG<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted June 12, 2020[**]
San Francisco, California

Before: TASHIMA and HUNSAKER, Circuit Judges, and SELNA, Senior District Judge[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. 34(a)(2).

[***]    The Honorable James V. Selna, Senior District Judge for the United States District Court for the Central District of California, sitting by designation.

1

Emma Nation ("Nation") appeals the district court's dismissal with prejudice of Nation's Tenth Amendment and Fourth Amendment claims in her First Amended Complaint ("FAC"). We have jurisdiction under 28 U.S.C. § 1291. We review the dismissal de novo and the denial of leave to amend for abuse of discretion, and we affirm. See Smith v. Pac. Props. & Dev. Corp., 358 F.3d 1097, 1100 (9th Cir. 2004); Carson Harbor Vill., Ltd. v. City of Carson, 353 F.3d 824, 826 (9th Cir. 2004).

The district court lacked subject matter jurisdiction because Nation failed to exhaust her administrative remedies. Nation alleged that the United States Department of Housing and Urban Development's ("HUD") application of the Controlled Substances Act ("CSA") against medical marijuana[1] in California violates the Tenth Amendment and the Fourth Amendment because California permits limited use of marijuana for medicinal purposes. See Cal. Health & Safety Code § 11362.5 (West 1996). However, Nation's claims are dependent on the classification of marijuana as a controlled substance under the CSA because the Quality Housing and Work Responsibility Act of 1998 ("QHWRA") only references the CSA's definition of controlled substance.

---

[1]Also known as cannabis or marihuana.

The QHWRA requires that owners of federally-assisted housing establish certain occupancy standards pertaining to illegal drug use for residents. See generally 42 U.S.C. §§ 13661-62. Among these, owners are required to "establish standards or lease provisions . . . that allow" the owner "to terminate the tenancy or assistance for any household with a member" who "is illegally using a controlled substance." Id. § 13662(a). The QHWRA refers to the CSA to define the term "controlled substance." Id. §§ 1437f(f)(5), 11851(2), 13662(a). The CSA in turn defines "controlled substance" as a drug or other substance included in one of the CSA's five schedules. 21 U.S.C. § 802(6). Marijuana is classified as a Schedule I drug under the CSA. 21 C.F.R. § 1308.11(d)(23). The CSA criminalizes the manufacturing, distribution, dispensing, and possession of substances classified in any of the CSA's five schedules. 21 U.S.C. §§ 841(a)(1), 844(a). Because the QHWRA merely refers to the CSA to define what a controlled substance is, Nation's claim is therefore dependent on the classification of medical marijuana as a controlled substance under the CSA.

The CSA affords interested persons the ability to petition the Drug Enforcement Administration ("DEA") to reclassify drugs. See id. § 811(a); 21 C.F.R. § 1308.43(a). If the DEA's scheduling determination is adverse, the exclusive remedy available is to seek judicial review by the appellate courts. 21

3

U.S.C. § 877. Despite being framed as an "as-applied" constitutional claim, the relief sought by Nation is to change the scheduling classification for medical marijuana, which is "based on the same factors that guide the DEA's reclassification determination." See Washington v. Sessions, No. 17 CIV. 5625 (AKH), 2018 WL 1114758, at *4 (S.D.N.Y. Feb. 26, 2018), aff'd, but appeal held in abeyance sub nom. Washington v. Barr, 925 F.3d 109, 122 (2d Cir. 2019). The FAC acknowledges as much by alleging that Nation is harmed "by reason of the provisions of the CSA." Specifically, she asks the court to "[d]eclare the CSA relative to medical cannabis to be unconstitutional either in part or in whole, nationwide or in the State of California."

Exhaustion of administrative remedies is required where Congress specifically mandates it. McCarthy v. Madigan, 503 U.S. 140, 144 (1992), superseded by statute on other grounds as recognized in Porter v. Nussle, 534 U.S. 516 (2002). Courts have judicial discretion to require exhaustion of administrative remedies where Congress "has not clearly required exhaustion[.]" Id. Even when discretionary, the Court fashions the "exhaustion principles in a manner consistent with congressional intent and any applicable statutory scheme." Id. Although the CSA does not mandate the exhaustion of administrative remedies, Congress' intent to favor administrative decision-making as to the CSA is evidenced by its creation

of an administrative process to schedule, reschedule, or deschedule drugs.  Barr, 925 F.3d at 116-17.  Requiring the exhaustion of this process prior to filing suit is consistent with that intent, protects agency authority, and promotes judicial efficiency.  Id.

Nation argues that forcing her to petition the DEA would overrule Marbury v. Madison, 5 U.S. 137, 178 (1803), because the DEA does not have "the authority to determine whether the application of the CSA crossed a Constitutional threshold."  However, exhausting the administrative process would not preclude Nation from bringing as-applied constitutional arguments to the appellate courts if the DEA's determination were adverse.

Nation has not alleged that she exhausted the available administrative process provided for in the CSA despite challenging the CSA's classification of medical marijuana in the FAC.  Accordingly, the district court properly determined that it lacked subject matter jurisdiction over the claims in the FAC.

Further amendment of the FAC would have been futile because Nation admits that she did not exhaust the administrative process under the CSA. Additionally, even if Nation had pursued the administrative process and disagreed with the DEA's determination, she could only seek judicial review in an appellate court.  See 21 U.S.C. § 877.  Therefore, the district court did not abuse its

5

discretion in dismissing the action without leave to amend. See Thinket Ink Info.

Res., Inc. v. Sun Microsystems, Inc., 368 F.3d 1053, 1061 (9th Cir. 2004).

In view of the dispositive nature of Nation's failure to exhaust, the Court

declines to address Nation's remaining arguments.

**AFFIRMED.**